## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSE SISNEROS,

      **Plaintiff,**

vs.                                                                                                                Civ. No. 01-1367 WWD

JO ANNE B. BARNHART,
**Commissioner of Social Security,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion and Memorandum to Remand, filed April 29, 2002 **[Doc. 5]** and Plaintiff's Motion for Judgment and Opposition to Commissioner's Motion to Remand, filed April 29, 2002 **[Doc. 6]**. Defendant requests remand of this case under Sentence Six "because the cassette tape of the hearing held on September 24, 2001 cannot be located." Def.'s Mot. at 1. Plaintiff requests the Court to enter judgment and remand this matter pursuant to Sentence Four with instructions to promptly award Plaintiff the benefits he seeks. Pl.'s Mot. at 1. Having considered the parties' submissions and being otherwise fully advised in the premises, the Court finds that Defendant's Motion is well taken and will be granted; the Court further finds that Plaintiff's Motion is not well taken and will be denied.

*Discussion*

There are only two types of remand available under the Social Security Act. See Gutierrez v. Sullivan, 953 F.2d 579, 581 (10th Cir. 1992) (citing Melkonyan v. Sullivan, 501 U.S. 89 (1991)). The first type of remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a

judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." Id. (emphasis added).  The second type of remand is available under the sixth sentence and provides:

> The court may, on motion of the [Commissioner of Social Security] made for good cause shown before [the Commissioner] files [the Commissioner's] answer, remand the case . . . for further action . . . , and [the court] may at any time order additional evidence to be taken . . . , but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

Id. at 581-82.

In reviewing a Social Security disability case, the Court must meticulously examine the record and determine on the record as a whole whether the Commissioner's factual findings are supported by substantial evidence and whether the correct legal standards were applied.  Thus, the entire administrative record is necessary before this Court may properly review the ALJ's decision.  See Goatcher v. U.S. Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir.1995) (explaining that due to the deferential standard of review and the fact-specific nature of these cases "the complete administrative record is required whether [Plaintiff] argues that the findings are not supported by substantial evidence or that incorrect legal standards were applied").

Here, the transcript of a hearing held before an Administrative Law Judge ("ALJ") on September 24, 2001 is not available to the Court.  In addition, as the Defendant points out, the decision of the ALJ was based, in part, on testimony received at that hearing.  See Notice of Decision, Ex. 6 to Pl.'s Resp.  Without a transcript of the hearing, this Court is not in a position to conduct a meticulous examination of the record as a whole with respect to the ALJ's decision. Thus, I find that the Defendant has shown good cause to remand this matter to the Commissioner

for further action pursuant to Sentence Six.

Finally, because the incomplete record of administrative proceedings prevents the Court from properly entering a judgment on the record, it is not appropriate to remand this cause pursuant to Sentence Four. Nor do I find the circumstances of this case to be analogous to those described in Miller v. Barnhart, 43 Fed.Appx. 200, 2002 WL 1608452 (10th Cir. Jul. 22, 2002) (not published in the Federal Reporter) (remanding case to the Commissioner with directions to award social security benefits following four hearings and five decisions on plaintiff's claim). Thus, the Court will deny Plaintiff's request that this matter be remanded with directions for an immediate award of benefits.

WHEREFORE,

**IT IS ORDERED** that Defendant's Motion and Memorandum to Remand **[Doc. 5]** is GRANTED. This matter is remanded to the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. § 405(g) with instructions that an Administrative Law Judge conduct a de novo hearing.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment **[Doc. 6]** is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE